FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

JUN 29 2005

Stephan Harris, Clerk
Casper

Marc Edwards
c/o 1103 Edwards Street
Gillette, Wyoming
(307) 682-7475

ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

| United States of America, | ) | |
| --- | --- | --- |
| Petitioner, | ) | Civil No. 05-CV-141-D |
| | ) | |
| vs. | ) | |
| | ) | Motion to strike |
| Marc Edwards, | ) | |
| | ) | |
| respondent. | ) | |

Marc Edwards ("Edwards"), by special appearance, moves this Court to strike the petition for enforcement filed against me. The petition fails to present a cause of action (case or controversy) and the alleged plaintiff has presented no facts to support a finding there is standing to complain against me.

The alleged plaintiff (actually the alleged plaintiff's lawyer) failed to present evidence of, or even allege a justiciable controversy exists. There is no claim of a legal right that has been violated and caused any damage. These are the necessary elements of a cause of action and the sole purpose of litigation:

> "The prime object of **all litigation** is to establish a **right** asserted by the plaintiff…the action should be brought in the name of the party whose **legal right** has been affected, against the party who committed or caused the **injury**…the duty of this court, as of **every judicial tribunal**, is limited to **determining rights** of persons or of property, which are actually controverted in the particular case before it." Tyler v. Judges of the Court of Registration, 21 SCt. 206, 207, 208 (emphasis mine).

The Supreme Court has also consistently held: "courts only adjudicate justiciable controversies." United States v. Interstate Commerce Commission, 337 US 426, 430. A justiciable controversy

requires the invasion of a legal right causing loss, harm or injury and the alleged plaintiff's lawyer has failed to allege either.

The Supreme Court recently ruled in Elk Grove Unified School District *et al. v.* Newdow *et al.*, No. 02-1624, decided June 14, 2004: "we have explained that prudential standing encompasses "the general prohibition on a litigant's raising another person's legal rights..." Here, the alleged plaintiff's lawyer has failed to allege any legal rights whatsoever.

The alleged plaintiff's lawyer failed to allege any damage, the second half of a justiciable controversy:

> "Like the prudential component, the constitutional component of standing doctrine incorporates concepts concededly not susceptible of precise definition. ***The injury alleged MUST be, for example, "` distinct and palpable,***'" Gladstone, Realtors v. Village of Bellwood, 441 U.S. 91, 100 (1979) (quoting Warth v. Seldin, supra, at 501), and *not "abstract" or "conjectural" or "hypothetical*," Los Angeles v. Lyons, 461 U.S. 95, 101-102 (1983); O'Shea v. Littleton, 414 U.S. 488, 494 (1974). ***The injury MUST be "fairly" traceable to the challenged action, and relief from the injury must be "likely" to follow from a favorable decision***. See Simon v. Eastern Kentucky Welfare Rights Org., 426 U.S., at 38, 41." Allen v. Wright, 468 U.S. 737 (1984) (emphasis mine).

Because there are no allegations of the invasion of a legal right and damage and no supporting facts, there is no justiciable case or controversy presented and the Court should strike the petition.

Done and signed this 29th day of June, 2005.

*/s/ Marc Edwards*
Marc Edwards.

## CERTIFICATE OF MAILING

I hereby Certify that I caused to be placed a true and correct copy of the foregoing "Motion to strike" in the U.S. Mails, postage prepaid, at Casper, Wyoming this 29th day of June, 2005 addressed as follows:

Steven Sharpe, Assistant US attorney
P.O. Box 668
Cheyenne, Wyoming 82003-0668

*/s/ Marc Edwards*
Marc Edwards.